ROSSETTI & DEVOTO
ATTORNEYS AT LAW
20 BRACE ROAD
SUITE 115
CHERRY HILL, NJ 08034
(856) 354-0900
ATTORNEYS FOR PLAINTIFF

RECEIVED
WILLIAM T. WALSH, CLERK

2007 AUG 31  A 11: 15

UNITED STATES
DISTRICT COURT

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
Docket No.
CIVIL ACTION

07CV 4181 (RBK)

Linda Glahn and David Glahn, h/w;

    Plaintiffs;

v.

Trump Entertainment Resorts, Inc.;
Trump Hotels and Casino Resorts;
Trump Plaza Associates, LLC;
John Doe #1-5, (fictitious names of owners of
the property where plaintiff tripped and fell)
and John Doe #6-10 (fictitious names of
individuals, sole proprietorships, partnerships,
corporations and/or any other entities that
maintained and/or cleaned the subject
premises); jointly, severally, or in the
alternative;

    Defendants.

**COMPLAINT AND JURY DEMAND;
DEMAND FOR RULE 26 DISCLOSURES,
INTERROGATORIES, PRODUCTION OF
DOCUMENTS AND COPIES OF ALL
SUBPOENAED RECORDS**

---

The plaintiffs, Linda Glahn and David Glahn, h/w, residing at 259 Vine Street in Plymouth, Pennsylvania, say:

## COUNT ONE

### Linda Glahn v. Trump Entertainment Resorts, Inc.

### Negligence

1. Jurisdiction is proper before the United States District Court, District of New Jersey pursuant to 28 U.S.C. 1332 as complete diversity exists between all parties and as more particularly defined in the paragraphs below.

2. The plaintiffs, Linda Glahn and David Glahn, reside at 259 Vine Street in Plymouth, Pennsylvania.

3. Defendant, Trump Entertainment Resorts, Inc., is a corporation that is incorporated in the State of New Jersey.

4. The amount in controversy exceeds $75,000.00.

5. On September 8, 2005, the plaintiff, Linda Glahn was present on the premises of Trump Plaza located at The Boardwalk at Mississippi Avenue in Atlantic City, New Jersey.

6. At all times relevant to this action, the premises on which Linda Glahn was injured were owned, occupied, and/or controlled by the defendant, Trump Entertainment Resorts, Inc.

7. The injuries to Linda Glahn proximately resulted from the negligence of the defendant, Trump Entertainment Resorts, Inc., in failing to maintain the premises in a safe condition. Specifically, Mrs. Glahn tripped and fell over a floor or carpet cleaning disk that was negligently left behind by a maintenance worker who had left the area to clean another area of the casino. A warning sign was placed in the area by the maintenance worker only after the fall.

8. At that time and place, Linda Glahn was caused to fall on the inconspicuous cleaning disk and sustained a bimalleolar fracture of her right ankle which required surgery, caused pain and suffering, and disabled her from the performance of usual activities and which, in the future, will similarly require medical treatment, cause pain and suffering and disable her.

**WHEREFORE**, the plaintiff, Linda Glahn, demands judgment against the defendant, Trump Entertainment Resorts, Inc., for damages, interest, and costs of suit.

## COUNT TWO

### Linda Glahn v. Trump Hotels and Casino Resorts

### Negligence

1. Linda Glahn repeats all of the allegations of all of the preceding Counts of this Complaint.

2. Jurisdiction is proper before the United States District Court, District of New Jersey pursuant to 28 U.S.C. 1332 as complete diversity exists between all parties and as more particularly defined in the paragraphs below.

3. The plaintiffs, Linda Glahn and David Glahn, reside at 259 Vine Street in Plymouth, Pennsylvania.

4. Defendant, Trump Hotels and Casino Resorts, is a corporation that is incorporated in the State of New Jersey.

5. The amount in controversy exceeds $75,000.00.

6. On September 8, 2005, the plaintiff, Linda Glahn was present on the premises of Trump Plaza located at The Boardwalk at Mississippi Avenue in Atlantic City, New Jersey.

7. At all times relevant to this action, the premises on which Linda Glahn was injured were owned, occupied, and/or controlled by the defendant, Trump Hotels and Casino Resorts.

8. The injuries to Linda Glahn proximately resulted from the negligence of the defendant, Trump Hotels and Casino Resorts, in failing to maintain the premises in a safe condition. Specifically, Mrs. Glahn tripped and fell over a floor or carpet cleaning disk that was negligently left behind by a maintenance worker who had left the area to clean another area of the casino. A warning sign was placed in the area by the maintenance worker only after the fall.

9. At that time and place, Linda Glahn was caused to fall on the inconspicuous cleaning disk and sustained a bimalleolar fracture of her right ankle which required surgery, caused pain and suffering, and disabled her from the performance of usual activities and which, in the future, will similarly require medical treatment, cause pain and suffering and disable her.

**WHEREFORE**, the plaintiff, Linda Glahn, demands judgment against the defendant, Trump Hotels and Casino Resorts, for damages, interest, and costs of suit.

## COUNT THREE

### Linda Glahn v. Trump Plaza Associates, LLC

#### Negligence

1. Linda Glahn repeats all of the allegations of all of the preceding Counts of this Complaint.

2. Jurisdiction is proper before the United States District Court, District of New Jersey pursuant to 28 U.S.C. 1332 as complete diversity exists between all parties and as more particularly defined in the paragraphs below.

3. The plaintiffs, Linda Glahn and David Glahn, reside at 259 Vine Street in Plymouth, Pennsylvania.

4. Defendant, Trump Plaza Associates, LLC, is a corporation that is incorporated in the State of New Jersey.

5. The amount in controversy exceeds $75,000.00.

6. On September 8, 2005, the plaintiff, Linda Glahn was present on the premises of Trump Plaza located at The Boardwalk at Mississippi Avenue in Atlantic City, New Jersey.

7. At all times relevant to this action, the premises on which Linda Glahn was injured were owned, occupied, and/or controlled by the defendant, Trump Plaza Associates, LLC.

8. The injuries to Linda Glahn proximately resulted from the negligence of the defendant, Trump Plaza Associates, LLC, in failing to maintain the premises in a safe condition. Specifically, Mrs. Glahn tripped and fell over a floor or carpet cleaning disk that was negligently left behind by a maintenance worker who had left the area to clean another area of the casino. A warning sign was placed in the area by the maintenance worker only after the fall.

9. At that time and place, Linda Glahn was caused to fall on the inconspicuous cleaning disk and sustained a bimalleolar fracture of her right ankle which required surgery, caused pain and suffering, and disabled her from the performance of usual activities and which, in the future, will similarly require medical treatment, cause pain and suffering and disable her.

**WHEREFORE**, the plaintiff, Linda Glahn, demands judgment against the defendant, Trump Plaza Associates, LLC, for damages, interest, and costs of suit.

## COUNT FOUR

### Linda Glahn v. John Does #1-5 (fictitious names of owners of the property where plaintiff tripped and fell)

### Negligence

1. Linda Glahn repeats all of the allegations of all of the preceding Counts of this Complaint.

2. On September 8, 2005, the plaintiff, Linda Glahn was present on the premises of Trump Plaza located at The Boardwalk at Mississippi Avenue in Atlantic City, New Jersey.

3. At all times relevant to this action, the premises on which Linda Glahn was injured were owned, occupied, and/or controlled by the defendant, John Doe #1-5.

4. The injuries to Linda Glahn proximately resulted from the negligence of the defendant, John Doe #1-5, in failing to maintain the premises in a safe condition.

5. At all times relevant to this action, the premises on which Linda Glahn was injured were owned, occupied, and/or controlled by the defendant, John Doe #1-5.

**WHEREFORE**, the plaintiff, Linda Glahn, demands judgment against defendant John Does #1-5 (fictitious names of owners of the property where plaintiff tripped and fell), for damages, interest, and costs of suit.

## COUNT FIVE

### Linda Glahn v. John Does #6-10 (fictitious names of individuals, sole proprietorships, partnerships, corporations and/or any other entities that maintained and/or cleaned the subject premises)

### Negligence

1. Linda Glahn repeats all of the allegations of all of the preceding Counts of this Complaint.

2. The premises upon which Linda Glahn sustained injury were maintained and/or cleaned by the defendant, John Does #6-10.

3. The injuries to Linda Glahn proximately resulted from the negligence of the defendant John Does #6-10 for failing to maintain the premises in a safe condition.

**WHEREFORE**, the plaintiff, Linda Glahn, demands judgment against the defendant, John Does #6-10 (fictitious names of individuals, sole proprietorships, partnerships, corporations and/or any other entities that maintained and/or cleaned the subject premises), for damages, interest, and costs of suit.

## COUNT SIX

**David Glahn v. Trump Entertainment Resorts, Inc.; Trump Hotels and Casino Resorts; Trump Plaza Associates, LLC; John Does #1-5 (fictitious names of owners of the property where plaintiff slipped and fell) and John Does #6-10 (fictitious names of individuals, sole proprietorships, partnerships, corporations and/or any other entities that maintained and/or cleaned the subject premises)**

### Loss of Consortium

1. David Glahn repeats all of the allegations of all of the preceding counts of this complaint.

2. David Glahn and Linda Glahn are husband and wife.

3. As a proximate result of the negligence of defendants, Trump Entertainment Resorts, Inc., Trump Hotels and Casino Resorts, Trump Plaza Associates, LLC, John Doe #1-5 and John Doe #6-10, David Glahn has been and in the future will be deprived of the services and society of his spouse.

**WHEREFORE**, the plaintiff, David Glahn, demands judgment against the defendants, Trump Entertainment Resorts, Inc., Trump Hotels and Casino Resorts, Trump Plaza Associates, LLC, John Doe #1-5 (fictitious names of owners of the property where plaintiff tripped and fell) and John Doe #6-10 (fictitious names of individuals, sole proprietorships, partnerships, corporations and/or any other entities that maintained and/or cleaned the subject premises), for compensatory damages, interest, and costs of suit.

## DISCOVERY DEMAND – INTERROGATORIES

### DEFINITIONS

**PLEASE TAKE FURTHER NOTICE** that the following definitions shall apply throughout discovery including Rule 26 disclosures, Rule 34 Request for Production of Documents and Rule 33 interrogatories:

As used herein:

A.  "Address" means the present or last known street name and number, city or town, state and zip code.

B.  "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any physical, electronic or digital writing or recording of any type or description including, but not limited to, the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, inter-office or intra-office communications, e-mails, handwritten or other notes, working paper, chart, paper, graph, index, tape, disc, DVD, CD, video, photograph, datasheet or data processing card, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which defendants have or have had access.

C.  "Identify", "identity", or "identification" means, when used in reference to:

    1.)  A natural person, his or her:

        (a)  Full name;
        (b)  Home address;
        (c)  Business address;
        (d)  Present or last known position, business affiliation, and job description.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of The Federal Rules of Civil Procedure, plaintiff requires the defendant to respond within thirty (30) days to the following requests:

That the defendant hereinbefore named shall produce to Rossetti & DeVoto, P.C., 20 Brace Road, Suite 115, Cherry Hill, New Jersey 08034, originals or exact duplicates of any and all "documents" and tangible things (as defined, without limitation, in Rule 4:18), that are in their respective possession, custody, or control, and which in whole or in part constitute or relate to any of the allegations, subjects, and matters set forth in the Complaint and/or Answer and Separate Defenses filed in this action; and specifically including each of the following:

1. The originals, clear copies or the negatives of any photographs, films, or videotape of anything relating to this matter including but not limited to the area involved in this accident or occurrence, the photos taken of the plaintiff while she was waiting for medical help, any of the parties; the maintenance worker and the floor disc, or of any other matter or things involved in this accident or occurrence or relevant to the claims or defenses asserted.

2. All property damage estimates or bills for property damage repair or replacement rendered for any object belonging to any of the parties to this action or to any other persons involved in this accident or occurrence.

3. The original or a legible copy of any and all statements, reports or memoranda setting forth factual information disclosed in any and all investigations, inspections, tests or surveys regarding the claims or defenses involved in this action; excepting impression or opinions of counsel.

4. Each and every policy of insurance under which any insurance company or indemnitor may be liable to the party upon whom this demand is served for payment of all or part of the amounts of a judgment or award entered in this matter against that party or against any person for whose acts that party is alleged to be responsible.

5. As to each policy requested in the preceding paragraph, the Declaration Sheet pertaining to September 8, 2007.

6. Any statements which may have been given to anyone by the party upon whose behalf this demand is served.

7. All written statements by persons claiming to be eyewitnesses or claiming to have been at or near the scene of the accident or occurrence immediately prior or immediately subsequent thereto or claiming to have knowledge of any fact or matter pertaining to the nature or extent of plaintiffs' damages or losses; including but not limited to all statements given by any party to this action or by any employee.

8. The original or a legible copy of any written accident report concerning this accident or occurrence signed by or prepared by any party to this action.

9. All stenographic, video, voice or other recording of statements, or transcripts from persons claiming to be eyewitnesses or claiming to have been at or near the scene of the accident or occurrence immediately prior or immediately subsequent thereto or claiming to have knowledge of any fact or matter pertaining to the nature or extent of plaintiffs' damages or losses or from of any of the parties to this action.

10. All diagrams, pictures, or sketches of the scene and/or manner in which this accident occurred including any drawings and photos of the casino floor.

11. Any and all reports and records from any and all government agencies or police departments pertaining to the accident or occurrence in question.

12. Reports of each and every expert witness who is proposed to testify at trial on behalf of the party upon whom this demand is served.

13. The complete C.V. of each expert who is proposed to testify at trial on behalf of the party upon whom this demand is served.

14. All surveillance video tapes, discs, data or computer surveillance data for the Trump Plaza casino floor from September 7, 2005 at 11:00 pm to September 8, 2005 at 2:00 am.

15. The floor and carpet cleaning schedule for Trump Plaza at or near the casino floor at Trump Plaza for September 1, 2005 to September 10, 2005.

16. All contracts for maintenance and cleaning entered into between the defendant and the entities cleaning Trump Plaza at or near where the alleged fall took place in effect on September 8, 2005.

17. The surveillance video policy and procedure manual in existence on September 8, 2005 for the casino floor of Trump Plaza.

18. The carpet cleaning and floor cleaning policy and procedure manual in existence on September 8, 2005 for Trump Plaza.

19. Attach a complete copy of the employee personnel file and human resources file of the maintenance/cleaning person that was cleaning the area at or near where plaintiff fell as alleged in the complaint.

These requests for production of documents are continuing.

## INTERROGATORIES

Pursuant to Rule 33 of The Federal Rules of Civil Procedure, plaintiff requires the defendant to respond within thirty (30) days to the following 15 interrogatories:

**PLEASE TAKE FURTHER NOTICE** that the party to which these interrogatories are addressed shall furnish all information available to that party, his agents, employees, and attorneys in response to all questions. The person answering these interrogatories shall designate if any information contained in the answers is not within his or her personal knowledge and as to that information shall state the name and address of each person from whom it was received, or, if the source of the information is documentary, a full description including identification of the document.

1. What is your full name, address, and Tax ID number?

2. Are you properly identified in the Complaint?

3. Were you the owner of Trump Plaza, The Boardwalk at Mississippi Avenue in Atlantic City, New Jersey on September 8, 2005?

4. What is the name and employer of the maintenance/cleaning person who was cleaning the floor or carpet at or near the casino floor of Trump Plaza on September 8, 2005 at approximately 12:00 am -1:00 am?

5. If you are the employer, state:
    a. The name and address of the employee;
    b. Is this employee still employed by you;
    c. Attach a complete copy of the employee's personnel file and human resource file.

6. Was the maintenance/cleaning person using any type of cleaning machine shortly before or at the time of plaintiff's fall? If so:

   a. What is the make, model and serial number of the machine?
   b. Describe what the machine was used for?
   c. Does the machine utilize any circular cleaning attachments?

7. Does your and/or your firm, company, partnership, and/or corporation lease, operate or utilize, for any reason whatsoever, a video security surveillance system at the Trump Plaza? If so, state:

   (a)  Where the cameras are located on the casino floor;

   (b)  Where is the video data stored and who has control over the data;

   (c)  How long is the data preserved?

   (d)  What procedures are utilized in preserving specific video data?

   (e)  Does your liability insurance carrier require you to maintain this surveillance security system?

   (f)  Are these tapes reviewed on a daily basis and who reviews the tapes?

   (g)  Can your security surveillance system be reviewed on a television monitor in "real time" by security personnel?

   (h)  Was a video recording made of the subject fall and was the video recording ever viewed by anyone? If so, who viewed the video and what did the video show and were any notes or documents made generated in connection with the viewing?

8. State the names and addresses of all persons, companies or corporations you employed or contracted with to maintain the floors and carpets at the Trump Plaza on the casino floor at the place where plaintiff fell as alleged in the complaint.

9. State the names, address and job title of each person responsible for supervising work at or near the premises where the plaintiff was injured, including any person or anyone in a company or corporation you contracted with, immediately prior to or on the date of the accident, as well as a description of their duties and their location at the time of the accident.

10. Prior to the fall as alleged in the complaint, did you or any of your servants, employees or agents, including anyone with whom you contracted, place any sign or signs in such area to warn lawful visitors of potential safety hazards at the premises?

11. After the fall as alleged in the complaint, did you or any of your servants, employees or agents, including anyone with whom you contracted, place any sign or signs in such area to warn lawful visitors of potential safety hazards at the premises? If the answer is in the affirmative, state the size, location, nature and contents of the warning sign or signs.

12. State the name, address and job title of each person responsible for supervising the premises where plaintiff was injured, immediately prior to and on the date of the accident, as well as a description of their duties and their locations at the time of the accident. If the answer is in the affirmative, state the size, location, nature and contents of the warning sign or signs.

13. Prior to the fall as alleged in the complaint, state the last time, specifying the hour and date, when the premises that is the subject of this lawsuit was inspected by you or any of your servants, agents or employees, and include the results of such inspection and the name and present address of the person who made the inspection.

14. List and identify completely each and every person whom defendant expects to call as an expert witness at the trial, stating as to each such expert witness:

    (a) Full name, address, occupation, business, addresses and relationship to defendant, if any;

    (b) As to each proposed expert, a complete description of his education, training and experience; and

    (c) Attach to your answers a complete CV and list publications as to each proposed expert.

15. As to each person referred to in your answer to the preceding interrogatory, state:

    (a) The subject matter or area on which the person is to testify;

    (b) The substance of the facts and opinions to which the person is to testify;

    (c) A summary of the grounds for each opinion; and

    (d) A list of books, treatises, articles and other works which the person regards as authoritative on the subject matter on which he or she is expected to testify.

## DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the Rules Governing the Federal Rules of Civil Procedure for the District of New Jersey, Louis J. DeVoto, Esquire, is hereby designated as the attorney who will try this case.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that plaintiff demands a trial by jury as to all issues pursuant to the Federal Rules of Civil Procedure.

ROSSETTI & DEVOTO, P.C.
Attorneys for Plaintiff

_____
Louis J. DeVoto

Dated: August 30, 2007